IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Green, Jr., #116977,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Stevenson,<br><br>    Respondent. | C/A No. 5:15-cv-00488-JFA-KDW<br><br><br><br>**ORDER** |

### I. INTRODUCTION

Frank Green, Jr. ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is a South Carolina Department of Corrections inmate incarcerated at Broad River Correctional Institution.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] On December 14, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this Court dismiss the petition with prejudice. (ECF No. 22). Plaintiff filed an objection to the Report. (ECF No. 30). Thus, this matter is ripe for this Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W.*

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

*Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in exhaustive detail the relevant facts and standards of law on this matter, and the Court incorporates those without a recitation.

## II.     DISCUSSION

In his objection, Petitioner's primary contention concerns ground one: ineffective assistance of counsel for allowing Petitioner to plead guilty to armed robbery rather than attempted armed robbery.[2] Specifically, Petitioner argues that despite the procedural bar to his ineffective assistance counsel claim, he can demonstrate cause and actual prejudice sufficient to warrant discretionary consideration by this Court.

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied to a petitioner who seeks habeas relief as to an issue not raised at the appropriate time in state court and has no further means of bringing that issue before the state courts. There, the petitioner, having bypassed his state remedies, is procedurally barred from raising the issue in a federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). Nonetheless, when a petitioner fails to

---

[2] Petitioner's rambling and mostly unspecific objection includes extensive citation to irrelevant case law as well as arguments unrelated to the Magistrate Judge's conclusions. The Court nonetheless finds this one objection possesses sufficient specificity for a *de novo* review.

2

comply with state procedural requirements and cannot make the required showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

A petitioner proves cause by demonstrating ineffective assistance of counsel relating to the default, showing an external factor that hindered compliance with the state procedural rule, or demonstrating the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486-87.

Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. *Id*.

Here, Petitioner plainly cannot demonstrate cause. Petitioner argues that counsel failed both to object and to appeal the amendment of the indictment. *See* ECF No. 30 p. 6. Even assuming those allegations to be true, they fail to constitute "cause" for a procedural default. *See Murray*, 477 U.S. at 486. Because Petitioner cannot establish cause, the Court is not obligated to examine actual prejudice. However, assuming Petitioner could demonstrate cause, he cannot demonstrate actual prejudice. Petitioner argues that counsel's failure to appeal this issue constitutes a due process violation and "should be examined as a plain error." *See* ECF No. 30 p. 6. Pursuant to *Murray*, "plain error" does not constitute actual prejudice. 477 U.S. at 492.

Accordingly, Petitioner's objection is without merit and, this Court finds his claim procedurally barred.

### III.  CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (ECF No. 22), **GRANTS** the Respondents motion for summary judgment (ECF No. 16), and **DISMISSES** this action with prejudice.

**IT IS SO ORDERED**.

March 28, 2016                           Joseph F. Anderson, Jr.
Columbia, South Carolina            United States District Judge